

ORDERED in the Southern District of Florida on January 31, 2012.

A. Jay Cristol, Judge
United States Bankruptcy Court

___

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

RAMON A. PICHARDO,

    Debtor.
_____/

DREW M. DILLWORTH, TRUSTEE,

    Plaintiff,

-vs-

RAMON A. PICHARDO and
ESTHER D. PICHARDO, jointly and
severally,

    Defendants.
_____/

CASE NO. 08-29399-BKC-AJC
CHAPTER 7

ADV. NO. 11-1765-BKC-AJC-A

**ORDER GRANTING IN PART AND DENYING IN PART DEBTORS' MOTION(S) TO DISMISS (DE's 5 and 8)**

1

THIS CAUSE came before the Court for hearing on December 8, 2011 at 10:30 a.m., to consider Defendants' Motion(s) to Dismiss (collectively, "Motions") (DE's 5 and 8). The Court having reviewed the file, and having heard the proffers and representations of the Debtor and of counsel to the Trustee/Plaintiff, grants in part and denies in part the Motions.

**Background**

The Debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code on December 18, 2008. The Debtor's first meeting of creditors ("341 Meeting") was conducted on January 27, 2009, and was continued to and completed February 9, 2009. The deadline for filing an objection to the Debtor's claimed exemptions was March 11, 2009, thirty days from the conclusion of the 341 meeting. FRBP 4003(b). The deadline for filing an objection to discharge was March 30, 2009.[1] FRBP 4004(a).

The Trustee filed his first *Motion to Extend Time* ("First Motion") to timely object to Debtor's claimed exemptions and/or discharge on March 11, 2009. The First Motion indicates that it was unopposed, and the Court entered an Agreed Order approving an extension of time on March 13, 2009. Thereafter, the Trustee filed several more motions seeking to extend the time to object to Debtor's claimed exemptions and/or discharge. A review of the record indicates that all of the motions were timely filed, prior to the expiration of any extended period. The Court granted all the motions approving the extensions. The final order approving an extension to object to exemptions and discharge granted an extension through March 9, 2011.

The Trustee commenced this adversary proceeding by filing a Complaint on March 7, 2011. The Complaint contains several counts: an objection to the Debtor's discharge based on 11 U.S.C. §727(a)(5), (a)(3), and (a)(2), an objection to the Debtor's claimed exemptions,

---

[1] Because Saturday March 28, 2009 is actually 60 days from January 27, 2009, the deadline to timely object to discharge and/or file a motion to extend time for such relief is March 30, 2009, the next business day following the weekend. *See, e.g.*, FRBP 4004 and 9006; *In re Dunaway*, 346 B.R. 449, 451-52 (Bankr. N.D. Ohio 2006) (Rule 9006 extends time to act under Rule 4004 if deadline expires on a weekend or holiday).

recovery of fraudulent transfers under 11 U.S.C. §548(a)(1), (a)(2) and under Fla. Stat. §§726.106, 726.105, and recovery of preferential transfers under 11 U.S.C. §547.

The Defendants, Debtor and his non-debtor spouse, jointly filed a *Motion To Dismiss Complaint* on April 1, 2011 (DE 5), arguing that the Trustee did not timely act to seek relief under 11 U.S.C. §§547 and 548 within the two-year statute of limitations set forth in 11 U.S.C. §546.  On April 18, 2011, the Debtor, individually, filed a *Motion To Dismiss* (DE 8), arguing that the Trustee's Complaint was untimely because the Trustee did not obtain an order granting the first extension [to object to Debtor's discharge] within sixty days from the date first set for the 341 Meeting, and he did not obtain an order granting an extension to object to exemptions within thirty days of the conclusion of the 341 meeting.  The Debtor further argues that he objected to the Eighth and Ninth motions to extend deadlines and therefore the Court entered orders on those motions in error.[2]  The Trustee filed a certificate of service as to the notice of hearing on the Ninth Motion; the certificate indicates service upon the Debtor at his prison facility.  The Defendants have already filed Answers (DE 7).

## 11 U.S.C. §546 Two Year Statute of Limitations

The Defendants assert that the two year statute of limitations under 11 U.S.C. §546 is a valid basis to dismiss the Trustee's adversary complaint in its entirety.  While that is not a basis to dismiss the Complaint *in its entirety*, it is a valid basis to dismiss the counts of the Complaint seeking the recovery of fraudulent transfers and preferences under the Bankruptcy Code.

Certain avoidance actions are limited by 11 U.S.C. §546, which provides, in pertinent part:

> (a) an action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commence after the earlier of –

---

[2] The Court notes that the Eighth Order, which was submitted as an "agreed" order, was entered on December 16th, 2010, and the Court entered the Ninth Order, after a hearing, on March 8, 2011 (and only provided a one-day extension through March 9th, 2011).

3

>   (1) the later of –
>
>   (A) 2 years after the entry of the order for relief

This two year statute of limitations period can be modified by the Court. *In re International Administrative Services, Inc.*, 408 F.3d 689, 699 (11th Cir. 2005) (§546 is a true statute of limitations, subject to enlargement by court order, rather than a statute of repose or a jurisdictional bar). However, in this case, the Court did not modify such limitations period as the Trustee never sought an extension of time within which to file an action pursuant to 11 U.S.C. §§547 and 548.

In this case, the "entry of the order for relief" was the date of the filing of the Chapter 7 petition, December 18, 2008. The two year statute of limitations would therefore expire December 18, 2010. The Trustee commenced this adversary proceeding on March 7, 2011, two months and seventeen days past the statute of limitations. Thus, the fraudulent transfer and preference claims brought pursuant to the Bankruptcy Code are belatedly filed and subject to dismissal. Although the Court granted nine extensions of time in the main bankruptcy case (DEs 29, 33, 37, 42, 49, 59, 63, 73), those extensions of time related solely to the filing of objections to the Debtor's claimed exemptions and objections to the Debtor's discharge under 11 U.S.C. §727. None of the Trustee's motions to extend time, and consequently none of the Court's orders, extended the time within which to file actions enumerated in 11 U.S.C. §546(a).

The Complaint, however, also contains causes of action that are not exclusive to the causes of action limited by §546(a). *See* D.E. 1 ¶¶17-28. Therefore, it is not appropriate to dismiss the Complaint in its entirety. Causes of action which object to the Debtor's discharge pursuant to 11 U.S.C. §727, object to claimed exemptions, or seek recovery of fraudulent transfers under state law do not fall under the control of §546(a) and thus survive a motion to dismiss.

**Extensions of Time to Object to Discharge and Claimed Exemptions**

The Debtor argues in his individual *Motion to Dismiss* (DE 8) that the Trustee's first motion to extend time to object to the Debtor's exemptions and discharge was not timely because the Court entered the order granting that motion after the March 11, 2009 deadline expired. Federal Rule of Bankruptcy Procedure 4003 addresses objections made to claim exemptions. Previous case law in the Eleventh Circuit mandated that a motion requesting an extension of time to file an objection to a debtor's claimed exemptions, *and the order thereon*, be filed before the deadline expired, or the exemption is allowed. *See, In re Stephan Jay Lawrence*, 244 B.R. 868 (S.D. Fla. 2000). However, an amendment to the Federal Rules of Bankruptcy Procedure revised this requirement. Now, only the motion seeking an extension of time to object to a debtor's claimed exemptions needs to be filed prior to the deadline for an extension to be valid. FRBP 4003(b). Additionally, FRBP 4004 follows the same procedure when seeking extensions of time to object to a debtor's discharge -- only the motion seeking an extension of time to object to discharge needs to be filed prior to the deadline for an extension to be valid. FRBP 4004(b)(1). Based upon the Federal Rules of Bankruptcy Procedure currently in effect, the Debtor's basis for dismissal of the Complaint on the grounds stated in his motion is moot. All of the Trustee's motions were filed prior to the expiration of the initial and each extended deadline. Accordingly, it is

    **ORDERED and ADJUDGED that:**

1. The *Motion to Dismiss Complaint* (DE 5) is GRANTED in part and DENIED in part, and Count V (11 U.S.C. §548(a)(1)), Count VI (11 U.S.C. §548(a)(2)), and Count X (11 U.S.C. §547) of the Complaint are DISMISSED as untimely filed.

2. The *Motion to Dismiss* (DE 8) is DENIED.

                                         ###

Copies to:

James B. Miller, Esq.

Attorney Miller is directed to serve a copy of this order upon the Defendants and all interested parties immediately upon receipt of same and shall thereupon file a certificate of service of same.